**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Scott D. Stockert, | ) | |
| | ) | |
| Petitioner, | ) | **ORDER ADOPTING** |
| | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| | ) | |
| State of North Dakota, | ) | |
| | ) | Case No. A1-05-115 |
| Respondent. | ) | |

Before the Court is Petitioner Scott D. Stockert's complaint filed with the U.S. District Court for the District of Wyoming on September 22, 2005. The Wyoming federal court treated Stockert's complaint as a petition for a writ of habeas corpus under 18 U.S.C. § 2254 and transferred the case to this court because Stockert was challenging a North Dakota conviction. Magistrate Judge Charles S. Miller, Jr. reviewed Stockert's complaint and, on November 14, 2005, submitted a Report and Recommendation. Judge Miller concluded that (1) Stockert failed to allege that he was presently incarcerated or the subject of other significant restraints upon his liberty at the time he filed his habeas petition; (2) Stockert failed to name the proper defendants/respondents required to prosecute a habeas action under Rule 2 of the Rules Governing Section 2254 Cases; and (3) Stockert's complaint did not set forth a "short and plain statement of the grounds upon which the court's jurisdiction depends" as required by Rule 8(a)(1) of the Federal Rules of Civil Procedure. Judge Miller recommended that Stockert's complaint be dismissed without prejudice.

On November 29, 2005, Stockert filed an objection to the Report and Recommendation along with several attachments. In what the Court construes as an attempt to modify his previously-filed petition, Stockert claims that he is presently in custody at the Southwest Multi-County Correction Center in Dickinson, North Dakota, and that the terms of his probation have not expired. However,

Stockert fails to allege that his current incarceration is a result of his underlying offense of disobeying a judicial order. It is unclear from the record when and why Stockert was placed into custody in North Dakota after having been on probation for two years and living in Wyoming. Nevertheless, the Court finds that Stockert has met the requirement of alleging that he was in custody or subject to significant restrains upon his liberty at the time he filed the habeas petition. Stockert's objection and accompanying documentation (criminal complaint and affidavit) do not, however, comply with the other deficiencies noted by Judge Miller.

Also attached to Stockert's objection is a document entitled "Criminal Complaint" naming an inmate identified as Matthew Jasmen as a defendant. In the criminal complaint, Stockert accuses the fellow inmate of assault. Stockert also provided the Court with an affidavit in which he asserts that he suffered a "partial broken neck" over two years ago while in custody at the Southwest Multi-County Correctional Center in Dickinson. In reviewing the information contained in Stockert's objection and in his original petition, it is unclear whether Stockert intends to challenge the constitutionality of his incarceration by seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, or whether Stockert is attempting to file a civil rights action pursuant to 42 U.S.C. § 1983 and the Prisoner Litigation Reform Act 18 U.S.C. § 1915 for alleged violations of his constitutional rights. Regardless of which type of lawsuit Stockert is attempting to pursue, neither the habeas petition nor the additional information provided with the objections satisfy the requirements of either 28 U.S.C. § 2254 or 42 U.S.C. § 1983.

The Court has carefully reviewed the Report and Recommendation, Stockert's objections and attachments, relevant case law, and the record as a whole and finds that the Report and Recommendation is persuasive. The Court **ADOPTS** the Report and Recommendation (Docket No.

8) wherein Judge Miller concluded that Stockert has failed to name the proper defendants or respondents required to prosecute a habeas action and that Stockert's complaint failed to set forth a "short and plain statement of the grounds upon which the court's jurisdiction depends," and **DISMISSES**, without prejudice, Stockert's petition for those reasons. (Docket No. 1). The Court certifies that any appeal would be frivolous, could not be taken in good faith, and may not be taken in forma pauperis. The Court further certifies that Stockert has failed to make a substantial showing of the denial of a constitutional right and will not grant a certificate of appealability.

Finally, the Court has noted that it is entirely unclear whether Stockert intends to challenge the constitutionality of his incarceration in a habeas proceeding or whether he intends to pursue a civil rights action under 42 U.S.C. § 1983. The documentation filed to date provides little insight in that regard. Therefore, in order to assist Stockert in his evaluation of his claim(s), the Court directs the Clerk of Court to provide Stockert with an inmate civil rights packet and an inmate habeas corpus packet to assist him in deciding whether he wishes to properly re-file a habeas petition, file a civil complaint, or take no formal legal action at this stage.

**IT IS SO ORDERED**.

Dated this 2nd day of December, 2005.

Daniel L. Hovland, Chief Judge
United States District Court